FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 0 9 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against -

ARMANDO REYES-MENDOZA,

Defendant.

---

09-CR-853

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On January 12, 2010, Armando Reyes-Mendoza pled guilty to a one-count indictment which charged that on or about October 26, 2009 the defendant, an alien who had previously been deported and removed from the United States, was found in the United States, without the Secretary of the United States Department of Homeland Security having expressly consented to his applying for admission, in violation of 8 U.S.C. § 1326(a).

Reyes-Mendoza waived his right to a pre-sentence investigation report by the Probation Department. He was sentenced on January 12, 2010.

The court finds the total offense level to be six and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between zero and six months. The offense carried a maximum term of imprisonment of two years. 8 U.S.C. § 1326(a). The guidelines range of fine was from $500 to $5,000.

Reyes-Mendoza was sentenced to time served and one year of supervised release. The sentence was stayed for ten days to permit Immigration and Customs Enforcement to take custody of defendant. A $100 special assessment was imposed. No fine was imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant's offense of illegal re-entry is serious. He was arrested on or about October 26, 2009 and was in custody until his sentencing. He is hard-working, and sends money home to his family. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that illegal re-entry will result in a substantial period of incarceration. Specific deterrence is achieved through the period of supervised release and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his family circumstances.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: February 8, 2010
       Brooklyn, New York