
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>– against –<br><br>ARMANDO REYES-MENDOZA,<br><br>Defendant. | 09-CR-853<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) For<br>Revocation of Supervised Release |

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On February 28, 2011, Armando Reyes-Mendoza plead guilty to charge one of a one-charge violation of supervised release, which alleged that the defendant committed another federal offense in violation of his condition of supervised release, namely attempting to re-enter the United States illegally. *See* Addendum to Violation Report. The court adopts the violation of supervised release report without change. It states that on July 13, 2010, only 11 days after he was deported, defendant was found near the United States – Mexico border in Arizona, and reported that he had crossed illegally into the United States.

The court finds defendant's criminal history category to be category I with a guidelines range of imprisonment of between 4 and 10 months. *See* U.S.S.G. 7B1.2(c)(1).

Reyes-Mendoza was sentenced to 8 months' incarceration to run consecutive with the 8 month term he is currently serving in Arizona. He was discharged from supervised release as unimproved.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Reyes-Mendoza was convicted of

Illegal Re-entry and deported twice prior to the latest violation, which occurred only days after his most recent deportation.

A sentence of eight months to run consecutive with his current prison sentence reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that attempting to illegally reenter the United States after deportation will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of the lengthy prison sentence she received.

Jack B. Weinstein
Senior United States District Judge

Dated: February 28, 2011
Brooklyn, New York

3